**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4550

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LONDEL DWIGHT SANDERS, a/k/a Lonnie,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:20-cr-00015-1)

Submitted:  February 20, 2025                          Decided:  February 25, 2025

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Shawn A. Morgan, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellant.  Stephanie S. Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Londel Dwight Sanders pleaded guilty to four counts of distribution of heroin and methamphetamine, in violation of 21 U.S.C. § 841(a). In 2021, the district court sentenced Sanders to 14 months of imprisonment followed by three years of supervised release. In 2023, the district court revoked Sanders's supervised release and sentenced him to 12 months of imprisonment followed by 18 months of supervised release. The court ordered Sanders to serve the first six months of his supervised release at a community confinement center. When Sanders was terminated from the community confinement center for failing to follow the rules prior to the expiration of the six-month term, the court again revoked Sanders's supervised release. The court sentenced Sanders to 12 months of imprisonment with no further term of supervised release.

Sanders now appeals, and counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the revocation sentence is reasonable. Sanders was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential

2

appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (brackets and internal quotation marks omitted). If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a postconviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). "A sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023).

We have reviewed the record and conclude that the sentence is not plainly unreasonable. The district court properly calculated the policy statement range, provided the parties an opportunity to be heard, responded to the parties' sentencing arguments, and sufficiently explained the chosen sentence. Based on the court's explanation for the sentence, the sentence is also substantively reasonable.

As counsel has notified Sanders of his right to petition the Supreme Court of the United States for further review, we grant counsel's motion to withdraw and affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*